KUHN, J.,
concurring.
| iWhether Dr. Berry’s addiction is a “total disability” entitling him to insurance coverage for his claimed disability is not a legal question, but rather a determination of coverage based upon the language of the disability insurance policies and the facts of this case. As noted by this Court in the majority opinion, all parties to this lawsuit agree that Dr. Berry’s addiction is a sickness or disease. In this case, Dr. Berry’s siclmess falls within the definition of “sickness” of section 1.6 of the policies. The policies do not define disability in terms of a legal or factual disability, but set forth the following at section 1.10:
“Total Disability” means that “because of Injury or Sickness: (a.) You are unable to perform the important duties of Your Occupation; and (b.) You are receiving Physician’s Care. We will waive this requirement if We receive written proof acceptable to Us that further Physician’s Care would be of no benefit to You.”
Here, there are genuine issues of material fact concerning whether Dr. Berry is totally disabled, as defined by Section 1.10 of the disability policies. The factual inquiry in determining whether there is a total disability under the policies is |2whether Dr. Berry is “unable to perform the important duties of his occupation as an anesthesiologist” due to his risk of relapse, without serious risk to his health and the health and well-being of the public he may serve. Neither the policies nor any authority in the State of Louisiana, statutory or jurisprudential, recognize a distinction between a “legal disability” and a “factual or physical disability.” Regardless of whether Dr. Berry’s medical licenses have been revoked as a result of his addiction, the factual inquiry is whether, based upon evidence such as his physicians’ affidavits, he is totally disabled, as defined by the policies, as a result of his disease of addiction.
I disagree with the dissent that, as a matter of law, the insurance policies do not provide coverage for Dr. Berry’s addiction, now that he is a rehabilitated addict in fully sustained remission. Rather, the question of coverage should be determined solely by interpretation of the insurance policies, as applied to the facts in the case. The policies do not categorically exclude the risk of relapse for drug addiction as a basis for total disability. Paul Revere could have inserted limiting language concerning the risk of relapse for drug addiction into the policies, but did not do so.
Paul Revere asserts that Dr. Berry’s disease is the result of “poor choices” related to drug use, implying that he can *397 avoid a relapse if he so wills. As noted in the majority opinion, the terms “free will” and “choice” are not used in the disability policies, and the policies do not distinguish between the relapse of physical and mental diseases. Furthermore, Paul Revere’s position is inconsistent with the evidence in the record establishing that Dr. Berry’s addiction is a disease. It is illogical to conclude that a person with a disease has chosen to be sick and thus, disabled.